UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10114-RWZ

NATHAN MARQUIS LeBARON

v.

THOMAS E. DICKHAUT,
Superintendent

ORDER

June 22, 2011

ZOBEL, D.J.

On January 18, 2011, Nathan Marquis LeBaron, pro se, filed a petition for writ of habeas corpus (Docket # 1) pursuant to 28 U.S.C. § 2254. This court has jurisdiction in such petitions only after "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). As ordered on May 12, 2011 (Docket # 22), defendant filed a notice of status of petitioner's state appeal (Docket # 27). After reviewing that notice as well as its attached dockets (Ex. A, B, C) from both the Essex Superior Court and the Appeals Court, it is clear that the petitioner has not yet exhausted state remedies.

In petitioner's argument (Docket # 3) that this court has jurisdiction to entertain his application notwithstanding his failure to exhaust state remedies, he cites 28 U.S.C. § 2254(b)(1)(B)(i) and (ii) and this court's decision in Vaskanyan v. Marshall, 2007 U.S. Dist. LEXIS 20381 (D. Mass. March 23, 2007). In Vaskanyan, the Commonwealth had

for four years failed to produce trial transcripts the petitioner had requested, which led this court to conclude that the "state process [was] ineffective to protect the petitioner's rights" (citing Wells v. Marshall, 885 F. Supp. 314, 317 (D. Mass. 1995). See 28 U.S.C. § 2254(b)(1)(B)(ii). In light of that conclusion, this court exempted a petitioner from the exhaustion requirement to "assist petitioner [in] obtain[ing] the requested transcripts in order to allow the state appeal to proceed." 2007 U.S. Dist. LEXIS 20381 at 2. The Commonwealth then produced the transcripts and this court dismissed the habeas petition, leaving petitioner's claim, as well as any objection to the adequacy of the transcripts produced, to be properly presented to the state appellate courts. Id. at 3.

Here, the state court dockets show that petitioner has already received "all material transcripts" he has requested; he may present any objection to their adequacy to the state appellate courts. Accordingly, this petition is dismissed *sua sponte* without prejudice for failure to exhaust state remedies.

Petitioner may refile his federal habeas claim once that claim has been exhausted on direct appeal at the state level and petitioner's direct appeal is concluded. See 28 U.S.C. § 2244(d)(1) (federal habeas petition must be filed within one year from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review.").

All other pending motions, Docket # 11 (motion for appointment of counsel), # 19 (motion for more definite statement), # 21 (motion for immediate release), # 23 (motion to strike), and 25 (motion for protective order) are denied as moot.

Judgment may be entered dismissing this petition without prejudice.

    June 22, 2011                               /s/Rya W. Zobel

DATE                                                    RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE